IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD DAWAYNE HOLT,

        Plaintiff,                                  No. 3:14-cv-01010-PK

       v.

CAROLYN W. COLVIN,                          ORDER
Acting Commissioner of Social Security,

        Defendant.

HERNÁNDEZ, District Judge:

        Magistrate Judge Papak issued a Findings and Recommendation [17] on June 4, 2015, in which he recommends that this Court affirm the Commissioner's decision to deny supplemental security income and disability insurance benefits to Plaintiff Richard Holt. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

        Plaintiff filed timely objections to the Magistrate Judge's Findings & Recommendation. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation,

1 – ORDER

the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiff contends that the ALJ improperly rejected Plaintiff's credible testimony, improperly rejected the opinion of Plaintiff's treating doctor, failed to present a complete vocational hypothetical to the vocational expert (VE), and erroneously relied on flawed vocational testimony in reaching his conclusions at step five of the sequential analysis.

This Court has carefully considered Plaintiff's objections and concludes there is no basis to modify the Findings & Recommendation.  This Court has also reviewed the pertinent portions of the record *de novo* and finds no other errors in the Magistrate Judge's Findings & Recommendation.

However, Plaintiff's argument regarding the ALJ's alleged error at step five of the sequential analysis merits commentary from this Court. Among other arguments, Plaintiff contends that, because the ALJ found Plaintiff limited to sedentary work with no stooping, Plaintiff should be found disabled in accordance with Social Security Ruling 96-9p, which states that "[a] complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply . . . ." Pl.'s Obj. 8. Plaintiff argues that a proper interpretation of SSR 96-9p leads to the conclusion that a VE is needed to testify "only in a rare case where a claimant's ability to stoop falls in between occasional and never . . . . " Id. In a case such as this one, where the claimant is completely limited in his ability to stoop, Plaintiff argues that the ALJ should have "simply complied" with SSR 96-9p and found Plaintiff disabled.

2 – ORDER

A cursory search of Ninth Circuit cases on this topic revealed a recent case that is directly on point. In Duncan v. Colvin, 593 F. App'x 668 (9th Cir. 2015), the plaintiff made a nearly identical argument regarding the application of SSR 96-9p on a limitation on stooping and unskilled sedentary work. In a February 12, 2015 decision, the Ninth Circuit unequivocally rejected the plaintiff's argument, explaining that:

> We also reject [the plaintiff's] contention that her inability to perform any stooping established that her occupational base was eroded to the point that she was disabled. Although SSR 96–9p states that a finding of disability in such a situation would usually apply, SSR 96–9p at *8, SSR 96–9p also states that "a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of 'disabled.' ... [C]onsideration must still be given to whether there is other work in the national economy that the individual is able to do, considering age, education, and work experience," id. at *1.

Duncan, 593 F. App'x at 669-70.

## CONCLUSION

The Court ADOPTS Magistrate Judge Papak's Findings & Recommendation [17], and therefore, the Commissioner's final decision is affirmed.

IT IS SO ORDERED.

DATED this __3__ day of __Aug__, 2015.

_____
MARCO A. HERNANDEZ
United States District Judge

3 – ORDER